UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PATRICK F.,[1]

      Plaintiff,

v.

FRANK BISIGNANO,[2]
Commissioner of Social Security,

      Defendant.

Case No. 1:23-cv-21313
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Patrick F. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Frank Bisignano, the current Commissioner of Social Security, is substituted as Defendant in his official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.      PROCEDURAL HISTORY

On January 23, 2020, Plaintiff filed applications for disability insurance benefits and supplemental security income, alleging that he has been disabled since September 30, 2022. R. 100–03, 257–65. The applications were denied initially and upon reconsideration. R. 130–49, 156–71. Plaintiff sought a *de novo* hearing before an administrative law judge ("ALJ"). R. 173–78. ALJ Donna Krappa held a hearing on January 12, 2022, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 42–79. In a decision dated July 20, 2022, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 23, 2019, Plaintiff's alleged disability onset date, through the date of that decision. R. 16–32. That decision became final when the Appeals Council declined review on August 28, 2023 R. 1–7. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On October 19, 2023, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 2.[3] On April 11, 2024, the case was reassigned to the undersigned. ECF No. 10. The matter is ripe for disposition.

II.     LEGAL STANDARD

A.      **Standard of Review**

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d

---

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of

social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a

4

comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id*. at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e),

(f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

However, "[i]f the ALJ finds that the claimant is disabled, but there is medical evidence that the claimant suffers from drug addiction or alcoholism, the ALJ must then determine whether the addiction or alcoholism 'would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled.'" *Martin v. Comm'r of Soc. Sec.*, 547 F. App'x 153, 156 (3d Cir. 2013) (quoting 42 U.S.C. § 423(d)(2)(C)). The Court of Appeals for the Third Circuit has explained how an ALJ must make this determination:

> The "key factor" is "whether we would still find [the claimant] disabled if [he] stopped using drugs or alcohol." 20 C.F.R. § 404.1535(b)(1). In making this determination, the ALJ must evaluate which of the claimant's physical and mental limitations would remain if the claimant stopped using drugs or alcohol, and whether any of those limitations would be disabling. *Id*. § 404.1535(b)(2). If the ALJ determines that the remaining limitations would not be disabling, the ALJ must find that the claimant's drug addiction or alcoholism is a contributing factor material to the determination of disability. *Id*. § 404.1535(b)(2)(i). If the ALJ determines that the remaining limitations are disabling, the ALJ must conclude that the claimant is "disabled independent of [his] drug addiction or alcoholism and . . . [his] drug addiction or alcoholism is not a contributing factor material to the determination of disability." *Id*. § 404.1535(b)(2)(ii).

*Id*.; *see also Bowers v. Comm'r of Soc. Sec.*, No. CV 16-6589, 2017 WL 4711470, at *3 (D.N.J. Oct. 20, 2017) ("Social Security Ruling (SSR) 13–2p establishes the procedure used by ALJs when evaluating drug addiction or alcoholism materiality. . . . First, the ALJ will 'apply the

7

sequential evaluation process to show how the claimant is disabled.' . . . Next, the ALJ will 'apply the sequential evaluation process a second time to document [drug addiction and alcoholism] materiality . . . .'") (citations omitted).

### III. ALJ DECISION AND APPELLATE ISSUES

Plaintiff met the insured status requirements for purposes of Disability Insurance Benefits through September 30, 2022. R. 19.  He was 49 years old on November 23, 2019, his alleged disability onset date. R. 31. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 19.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: alcohol use disorder, type II diabetes with peripheral neuropathy, depressive disorder, anxiety disorder, and hypertension. *Id*.  The ALJ also found that Plaintiff's concussion; foot numbness and tingling; posterior subcapsular polar age-related cataracts, bilaterally; and right olecranon aseptic bursitis were not severe impairments. R. 19–20.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 20–23.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 23–31. The ALJ also found that this RFC permitted the performance of Plaintiff's past relevant work as a storage facility rental clerk, sales clerk/food service, receptionist, and cashier. R. 30–31.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs–*e.g.*, jobs as a garment folder, a bagger, and a photocopy machine operator–existed in the national economy and could be performed by Plaintiff with this RFC. R. 31–32. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the

Social Security Act from November 23, 2019, his alleged disability onset date, through the date of the decision. R. 32.

Plaintiff disagrees with the ALJ's findings at step four and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 9. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief*, ECF No. 12.

### IV.   DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ erred at step four when considering Plaintiff's alcohol use disorder. *Plaintiff's Brief*, ECF No. 9, pp. 9–14. For the reasons that follow, the Court agrees that this issue requires remand for further consideration.

In cases where a claimant suffers from alcoholism or drug addiction, "an individual shall not be considered to be disabled" if "alcoholism or drug addiction" ("DAA") would be "a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); *see also* 20 C.F.R. §§ 404.1535(a), 416.935(a). Social Security Ruling ("SSR") 13-2p explains that "a claimant has DAA only if he or she has a medically determinable Substance Use Disorder" and the Ruling sets out a six step process for evaluating DAA:

| 1. Does the claimant have DAA? | a. No—No DAA materiality determination necessary.<br><br>b. Yes—Go to step 2. |
|---|---|
| 2. Is the claimant disabled considering all impairments, including DAA? | a. No—Do not determine DAA materiality. (Denial.)<br><br>b. Yes—Go to step 3. |

|  |  |
|---|---|
| 3. Is DAA the only impairment? | a. Yes—DAA material. (Denial.)<br><br>b. No—Go to step 4. |
| 4. Is the other impairment(s) disabling by itself while the claimant is dependent upon or abusing drugs or alcohol? | a. No—DAA material. (Denial.)<br><br>b. Yes—Go to step 5. |
| 5. Does the DAA cause or affect the claimant's medically determinable impairment(s)? | a. No—DAA not material. (Allowance.)<br><br>b. Yes, but the other impairment(s) is irreversible or could not improve to the point of nondisability—DAA not material. (Allowance.)<br><br>c. Yes, and DAA could be material—Go to step 6. |
| 6. Would the other impairment(s) improve to the point of nondisability in the absence of DAA? | a. Yes—DAA material. (Denial.)<br><br>b. No—DAA not material (Allowance.) |

SSR 13-2p, 2013 WL 621536, at *4–5 (Feb. 20, 2013). "If the evidence does not establish DAA, there can be no issue of DAA materiality." *Id*. at *6. Where the record documents DAA, the ALJ must "apply the appropriate sequential evaluation process to determine whether the claimant is disabled considering all of his or her impairments, including DAA." *Id*. Importantly, if the claimant is not disabled, then the ALJ must "deny the claim." *Id*. Otherwise, the ALJ must "apply the appropriate sequential evaluation process twice. First, apply the sequential evaluation process to show how the claimant is disabled." Then, "a second application of the sequential evaluation process may demonstrate that the claimant's other physical or mental impairment(s) is not sufficiently severe to establish disability by itself while the claimant is dependent upon or

abusing drugs or alcohol. In this case, deny the claim because DAA is material." *Id*. The ALJ is not required "to determine whether the other impairment would improve if the claimant stopped using drugs or alcohol [that] he or she is dependent upon or abusing because DAA materiality is established without this additional analysis." *Id*. On the other hand, the claim should be allowed "[i]f the claimant has another physical or mental impairment(s) that results in disability and DAA is not causing or does not affect the other impairment(s) to the point where the other impairment(s) could be found nondisabling in the absence of DAA". *Id*. In determining whether Plaintiff's impairments improve to the point of nondisability in the absence of DAA, the ALJ "must project the severity of the claimant's other impairment(s) in the absence of DAA" and "make this finding based on the evidence in the claimant's case record." *Id*. "In some cases, we may also consider medical judgments about the likely remaining medical findings and functional limitations the claimant would have in the absence of DAA." *Id*. (noting that this finding may depend "on whether the claimant's other impairment(s) is physical or mental"). "DAA is material"—and the claim should be denied—"if the claimant's other impairment(s) would improve to the point that the claimant would not be disabled in the absence of DAA." *Id*. "However, if the claimant's other impairment(s) would not improve to the point that the claimant would not be disabled in the absence of DAA, we allow the claim. In this instance, the DAA is not material to the determination of disability." *Id*.

In the present case, the ALJ found that Plaintiff was not disabled. Specifically, the ALJ found that Plaintiff suffered from several severe impairments, including alcohol use disorder. R. 19 (finding the additional severe impairments of type II diabetes with peripheral neuropathy, depressive disorder, anxiety disorder, and hypertension). The ALJ also found that Plaintiff's impairments, including his mental impairments, neither met nor equaled a listed impairment. R.

11

20–23 (finding that Plaintiff did not meet or medically equal, *inter alia*, Listings 12.02, 12.04, and 12.06, with moderate limitations in three of the four areas of functioning—*i.e.,* interacting with others; concentrating, persisting, and maintaining pace; and adapting and managing himself—and a mild limitation in the functional area of understanding, remembering, or applying information). The ALJ found that Plaintiff had the RFC to perform light work subject to certain additional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined under the Regulations 20 CFR 404.1567(b) and 416.967(b); specifically, he is able to: lift/carry 20 lbs. occasionally and 10 lbs. frequently; stand/walk for 6 hours; sit for 6 hours in an eight hour work day; and perform unlimited pushing and pulling within the weight restriction given. Moreover, regarding the postural and environmental demands of work, the claimant is able to perform jobs that require no use of ladders, ropes, or scaffolds, but frequent use of ramps or stairs. The claimant is able to perform occasional balancing, frequent stooping, and kneeling, but only occasional crouching, and crawling. The claimant is only able to perform jobs: that require no concentrated exposure to unprotected heights, hazards, or dangerous machinery; and that involve no concentrated exposure to temperature extremes, wetness, humidity, and/or vibration. As to the mental requirements of work, the claimant is able to perform jobs: that are simple and repetitive; that require only an occasional change in work setting; and that require only occasional contact with co-workers, supervisors, and the general public.

R. 23. In making this determination, the ALJ considered evidence relating to Plaintiff's physical and mental health treatment and examination findings, as well as evidence of Plaintiff's alcohol use disorder. R. 24–31. For example, after recounting certain medical evidence, the ALJ found as follows:

> The record shows that the claimant's primary problem appears to be recurring alcohol use disorder as it shows that his mental health conditions are related to either alcohol use or withdrawal therefrom. In periods where the claimant was compliant with treatment and abstaining from alcohol, the claimant's mental health has improved. Further, even during periods where he was noncompliant his mental health evaluations, he did not evidence extreme limitations in many of the areas of functioning. With limited intervention, his condition has always been able to stabilize.

R. 27. As noted above, the ALJ concluded that Plaintiff was not disabled. R. 31–32.

Plaintiff challenges the ALJ's RFC determination, arguing that the ALJ did not create a logical bridge between the assessed mental limitations and the evidence and because the ALJ did not properly assess Plaintiff's work limitations under the DAA analysis. *Plaintiff's Brief*, ECF No. 9, pp. 9–14. Plaintiff specifically argues, *inter alia*, that the ALJ unilaterally found—without explanation or citation to the record—that Plaintiff's alcohol use was the cause of Plaintiff's mental impairments and related limitations. *Id*. at 11. Plaintiff further complains that the ALJ failed to identify evidence that Plaintiff's mental health improved during periods when he was compliant with treatment and abstaining from alcohol and that she used "intentionally opaque language" in evaluating Plaintiff's limitations related to his alcohol use disorder. *Id*. at 11–13.

The Court agrees that the lack of clarity in the ALJ's reasoning requires remand. For example, it is unclear to this Court what the ALJ meant when she found that, "even during periods where he was noncompliant[,]" Plaintiff "did not evidence extreme limitations in many areas of functioning." R. 27. The ALJ failed to clarify the "many areas of functioning" to which she referred, nor did she provide any clarifying citation to the record on this point. Similarly unclear is the ALJ's finding that Plaintiff's mental health "improved" with treatment compliance and abstinence from alcohol; the ALJ failed to point to any clarifying evidence specifying the length or degree of any such improvement. *See* R. 24–30; *cf. cf. Duvall-Duncan v. Colvin*, No. 1:14-CV-17, 2015 WL 1201397, at *13 (M.D. Pa. Mar. 16, 2015) ("The ALJ failed to identify evidence to support periods of substance abuse and sobriety and failed to correlate periods of substance abuse and sobriety with any periods of improvement or deterioration in symptoms. With no medical records showing when Plaintiff was or was not sober, there is no logical way to determine that Plaintiff improved when not abusing substances."); *Ambrosini v. Astrue*, 727 F.

Supp. 2d 414, 431–32 (W.D. Pa. 2010) (remanding action where, *inter alia*, after finding Plaintiff disabled, the ALJ's finding that the claimant's substance abuse was material "appears to have been based only on his own conclusion that 'when the claimant is not using drugs, the evidence shows that the claimant appears to improve'" and that "[t]he problem with the ALJ's reasoning is that the evidentiary record fails to identify any such periods of improvement between [the claimant's] alleged periods of substance abuse and sobriety"). The ALJ's statement that Plaintiff's "condition has always been able to stabilize" "[w]ith limited intervention," R. 27, is simply unhelpful without more explanation. In short, without further explanation and additional citation to the record, the Court simply cannot determine if substantial evidence supports the ALJ's RFC determination, her finding of nondisability, and, relatedly, whether she properly considered the DAA issue. *See* SSR 13-2p, 2013 WL 621536, at *5–6; *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (stating that the ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review") (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (explaining that a Court cannot affirm an ALJ's decision if "the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result") (internal quotation marks and citations omitted); *Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[4] Moreover, remand is appropriate even if, upon further examination of Plaintiff's mental limitations, alcohol use disorder, and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation.").

## V.    CONCLUSION

Accordingly, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate *Order* issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  December 8, 2025                              *s/Norah McCann King*
                                                    NORAH McCANN KING
                                                    UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff asserts other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of mental limitations, alcohol use disorder, and the RFC determination, the Court does not consider those assertions.
.